IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ARLINGTON SCHOOL OF COURT REPORTING, INC. D/B/A ARLINGTON CAREER INSTITUTE<br><br>*Plaintiff,*<br>v.<br><br>HARTFORD LLOYD'S INSURANCE COMPANY, HAAG ENGINEERING, AND HEARTLAND INSURANCE SERVICES, INC.<br><br>*Defendants.* | §§§§§§§§§§§§ CIVIL ACTION NO. 4:15-cv-00713 |

## NOTICE OF REMOVAL

Defendant Hartford Lloyd's Insurance Company ("Hartford" or "Defendant") files this Notice of Removal and, in support thereof, would show the Court as follows:

1. On July 31, 2015, Plaintiff Arlington Career Institute ("Plaintiff") filed its Original Petition (the "Petition") in Cause Number 096-280051-15, in District Court of Tarrant County, Texas. On August 4, 2015, Plaintiff filed its First Amended Petition. Defendant Hartford was served on August 26, 2015. Defendant Hartford filed its answer on September 18, 2015.

2. Pursuant to 28 U.S.C. § 1446(a) attached hereto are copies of all process, pleadings and orders served upon Defendant and all pleadings and orders in the removed case. In particular: (i) an index of the matters filed herewith is attached as Exhibit A; (ii) a copy of the citation and executed service return for Defendant Hartford is attached as Exhibit B; (iii) a copy of the Plaintiff's petition is attached as Exhibit C; (iv)

a copy of the Plaintiff's Amended petition is attached as Exhibit D; (v) a copy of Defendant Hartford's answer is attached as Exhibit E; (vi) a copy of Defendant Haag's Engineering Co. answer is attached as Exhibit F; (vii) a copy of the docket sheet in the state court action is attached as Exhibit G; (viii) a list of all counsel of record, including addresses, phone numbers, and the parties represented is attached as Exhibit H; (ix) a copy of the Affidavit of Lisa Levin is attached as Exhibit I.

3. This notice of removal is timely filed under 28 U.S.C. §1446(b) because it is filed within thirty days after Defendant Hartford first received a copy of a paper from which it could first be ascertained that the case is one which is or has become removable; *i.e.*, Plaintiff's Amended Petition.

4. The claims asserted against Defendants are civil actions over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  At the time this action was commenced, Plaintiff was, and still is a citizen of the State of Texas because it is a Texas company doing business in Grand Prairie, Texas. Defendant Hartford is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code.  A Lloyd's Plan is an unincorporated association of underwriters who sell insurance through an attorney-in-fact or other representative.[1] The citizenship of a Lloyd's Plan insurer, like all unincorporated associations, is determined by the citizenship of its members.[2] Hartford's underwriters are citizens of the states of Connecticut, Massachusetts and

---

[1] TEX. INS. CODE §§ 941.001, 941.051-941.052; *Salazar v. Allstate Tex. Lloyd's, Inc.,* 455 F.3d 571, 572 n.1 (5th Cir. 2006); *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 511 U.S. 1032 (1994).
[2] *Royal Ins. Co. of Am.,* 3 F.3d at 882; *Cronin v. State Farm Lloyds,* No. H-08-1983, 2008 WL 4649653, at *2 (S.D. Tex. Oct. 10, 2008).

Washington.³   Thus, Hartford is a citizen and resident of the states of Connecticut, Massachusetts and Washington for purposes of diversity.⁴

5. The citizenship of Haag Engineering and Heartland Insurance Services, Inc. should not be considered for purposes of determining diversity jurisdiction, because they were improperly joined as parties in the state court action. Improper joinder is an exception to complete diversity. *Vaillancourt v. PNC Bank, Nat'l Assn.*, 771 F.3d 843, 847 (5th Cir. 2014). Improper joinder exists when "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Here, there is improper joinder of Haag Engineering and Heartland Insurance Services, Inc., and their citizenship should not be considered.

6. The amount in controversy exceeds $75,000 based on Plaintiff's Petition, a pre-suit demand dated Sept. 19, 2014, and other documents received from Plaintiff prior to suit, including an estimate dated June 30, 2014.

7. The one-year statute of limitation on removal of diversity cases imposed by 28 U.S.C. § 1446(b) does not prevent removal because this action was commenced less than one year ago.

---

³ Exhibit I, Affidavit of Lisa Levin.
⁴ *See Royal Ins. Co. of Am.*, 3 F.3d at 882.

8. <u>Notice to State Court</u>.  Pursuant to 28 U.S.C. § 1446(d), Defendant intends to serve written notice of this removal on the state court promptly after filing this Notice of Removal.

FOR THESE REASONS, Defendant hereby effectuates removal of this cause to this Court.

> Respectfully submitted,
>
> /s/ *Laura J. Grabouski*
> Laura Grabouski
> State Bar No:  24031595
> Brittan L. Buchanan
> State Bar No: 03285680
> **BUCHANAN DIMASI DANCY & GRABOUSKI LLP**
> 9600 Great Hills Trail, Suite 300 West
> Austin, Texas 78759
> Telephone:    512.225.2800
> Facsimile:     512.225.2801
> lgrabouski@bddglaw.com
> bbuchanan@bddglaw.com
> **ATTORNEYS FOR DEFENDANTS**


## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of September, 2015, a true and complete copy of the above and foregoing instrument has been served via facsimile, electronically and/or certified mail, return receipt requested on Plaintiff's counsel of record as follows:

Nyanza L. Moore
State Bar No: 24012038
Moore Law Group
2616 South Loop West, Suite 430
Houston, Texas 77054
Facsimile: 713-583-0876

/s/ *Laura J. Grabouski*
Laura J. Grabouski