IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARLINGTON SCHOOL OF COURT REPORTING, INC. D/B/A ARLINGTON CAREER INSTITUTE | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:15-CV-00713 |
| HARTFORD LLOYD'S INSURANCE COMPANY, HAAG ENGINEERING AND HEARTLAND INSURANCE SERVICES, INC. | § § § § § § | |
| *Defendants*. | § § | |

PLAINTIFF ARLINGTON SCHOOL OF COURT REPORTING D/B/A
ARLINGTON CAREER INSTITUTE'S MOTION TO REMAND

Plaintiff Arlington School of Court Reporting, Inc. D/B/A/ Arlington Career Institute ("ACI") files this motion to remand this matter to the 96th Judicial District Court of Tarrant County, Texas. In support of the motion, ACI would respectfully show the court the following:

BACKGROUND

1. This is a case regarding an insurance policy which was presented to and purchased by ACI. Defendant Hartford Lloyd's Insurance Company ("Defendant Hartford") insured ACI's building for damage caused by wind and hail. ACI filed a claim for damages caused by three storms during the policy period. Defendant Hartford hired Defendant HAAG Engineering, a Texas resident, to prepare an assessment of the structural damage and determine the cause of the damage on two occasions. Defendant HAAG Engineering determined that there was no damage caused by the wind and hail storms indicated in ACI's claims. Defendant Hartford denied ACIs

1

claims and ACI sued both Defendant Hartford and Defendant HAAG Engineering.

2.      ACI brings this motion to remand in good faith and with no intent to delay. Defendant Hartford removed this case to Federal Court on an allegation of improper joinder on behalf of ACI. Defendant Hartford's claim is found in paragraph 5 of its notice of removal.  There was no intent or purpose on behalf of ACI to manipulate the process by improperly joining these defendants as causes of action were pled in the petition filed in state court. Defendant HAAG Engineering is a Texas resident.  Therefore, diversity does not exist.

<u>ARGUMENT AND AUTHORITIES</u>

3.      A defendant may remove an action from state to federal court under 28 U.S.C. § 1441(a) only when the federal court has original jurisdiction. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and the action is between citizens of different states.  Congress permitted diversity jurisdiction to prevent local prejudice against out-of-state defendants. *McSparran v. Weist,* 402 F.2d 867, 876 (3d Cir. 1968); S. Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S. Code Cong. & Admin. News 3099, 3102 (explaining the "purpose of diversity of citizenship legislation . . . is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts").

4.      Because in-state defendants need no protection from local bias, Congress prohibited removal—even when diversity jurisdiction otherwise exists—when a defendant is a citizen of the forum state. *See, e.g.*, *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939-40 (9th Cir. 2006); *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir.

1997). Specifically, 28 U.S.C. § 1441(b) provides that removal is improper "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

5. The forum-defendant rule in § 1441(b) is merely one example indicating that Congress disfavors removal. *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10, (1951) (noting that an "important [Congressional] purpose [of the 1948 revision of the United State Court concerning removal] was to limit removal from state courts"). Given removal's disfavor, federal removal statutes are strictly construed against the exercise of removal jurisdiction. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (citing *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002)); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *Golden 1 Credit Union v. H & B Group, Inc.*, No. 1:06-cv-1717, 2007 U.S. Dist. LEXIS 31142, at *7 (E.D. Cal. Apr. 27, 2007) ("The removal statute must be strictly construed, with all doubts and ambiguities resolved against removal and in favor of remand.") (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gasu v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938)). These principles favor remanding this case to state court.

## ANALYSIS

6. Pursuant to U.S.C.A. section 1332(a) and 1441(a), where the removing party, here the Defendant Hartford, alleges diversity of citizenship on the basis of improper joinder, the removing party has the burden of proving such. The reviewing court must construe the statute narrowly in order to limit federal jurisdiction and avoid undue encroachment on a state's right to

adjudicate a case filed in one of its courts. *See Gober v. Allstate Ins. Co.,* 855 F. Supp. 158 (S.D. 1994), at 160. Our District Court has concluded that, a district court should resolve doubt in favor on non-removal...[and] [s]tatutes providing for removal on the grounds of diversity of citizenship are given strict construction in favor of the jurisdiction of the state court. *Id.*

7. The standard in the Fifth Circuit for determining whether there has been improper joinder has been set forth in *Travis v. Irby*, 326 F. 3d 624, 646-647 (5th Cir. 2003), where the Court stated: To establish improper joinder, the removing party must prove: (1) that there was actual fraud in the Plaintiff's pleading of the jurisdictional facts or (2) that the Plaintiff has no possibility of establishing a cause of action against the non-diverse defendant in state court. *See also Carriere v. Sears, Roebuck & Co.,* 893 F. 3d 98, 100 (5th Cir. 1990), cert. denied, 498 U.S. 817, 111 S. Ct 60, 112 L. Ed. 2d 35 (1990). The Fifth Circuit has undisputedly adopted a bright line test on the issue of improper joinder, ruling that:

> the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir.2004) (citing *Travis v. Irby,* 326 F. 3d 624, 648). *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1990); *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995).

8. If the district court, after finding all disputed issues in favor of the non-moving party, finds there is even arguably a reasonable basis that state law might impose liability upon the non-diverse party, then there is no fraudulent joinder and no basis for asserting diversity jurisdiction.

9.      In the present case, Defendant has not met this burden. They simply have not come forth with any evidence to defeat the fact that ACI has a valid cause of action against the state defendant, HAAG Engineering.   Conversely, ACI's claims against Defendant HAAG Engineering are the very claims that have been successfully lodged at Defendant HAAG Engineering in other jurisdictions.

10.     An insurance company that hires a biased engineering firm to conduct outcome-oriented "investigations" of damaged property following a catastrophe violates the reasonable standard set forth in the Unfair Claims Settlement Practices Act. ACI claims that Defendant HAAG Engineering conducted an outcome oriented investigation with the intent of supporting Defendant Hartford's denial of liability.   In a recent Oklahoma jury verdict, such predatory conduct by one insurance company was condemned. *Watkins v. State Farm Fire & Cas. Co.*, No. CJ-2000-303 (Okla. Dist. Ct. May 25, 2006), *appeal docketed*, No. DF-103756 (Okla. Civ. App. Sept. 13, 2006), *appeal dismissed per stipulation, verdict vacated and confidential settlement entered*, No. DF-103756 (Jan. 12, 2007). In *Watkins v. State Farm Fire & Casualty Co.*, an Oklahoma jury unanimously found that State Farm Fire and Casualty Company (State Farm) hired Haag Engineering, a Texas structural engineering firm, to survey damage in Oklahoma and produce biased reports in favor of State Farm following the May 3, 1999, tornados. The jury found that Haag Engineering surveyed the damage in Oklahoma with a pre-textual basis for denying claims and wrote "cookie cutter" reports concluding that the tornados produced no structural damage.   Instead, the reports concluded that poor construction caused the cracked foundations and moving bricks. *Id.* Because the jury found State Farm's conduct willful and

malicious, the jury awarded the plaintiffs actual and punitive damages. Verdict Form at 1, *Watkins*, No. CJ-2000-303.

11.   In a previous Texas case, the Texas Supreme Court held State Farm liable for hiring a biased engineering firm—again, Haag Engineering—to evaluate a homeowner's claim regarding a plumbing leak. *Nicolau*, 951 S.W.2d at 448. The court held that reliance on an expert report did not shield an insurer from fraud and bad faith liability if the plaintiff presents evidence that the report was not prepared objectively. *Id.* (citing *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993)). The well-settled law in Texas is that an insurance company cannot "insulate itself from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denial." *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 541 (S.D. Tex. 1999) (citing *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 43 (Tex. 1998); *Nicolau*, 951 S.W.2d at 448; *Lyons*, 866 S.W.2d at 601). Even after the Texas Supreme Court's ruling that State Farm's use of HAAG Engineering was fraudulent and bad faith conduct, State Farm nevertheless subsequently used HAAG Engineering in Oklahoma. *Watkins*, No. CJ-2000-303. Oklahoma and Texas courts have held State Farm liable for hiring Haag Engineering as a biased engineering firm, thus it is reasonable to conclude that ACI's claims against Defendant HAAG Engineering in this action for similar offenses are meritorious.

12.   The party who invokes removal to the federal court, must always bear the burden of demonstrating that the case is one which is properly before the federal tribunal. *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir 1981). The burden is a heavy one. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). *Green v. Amerada Hess Corp.*, 707 F. 2d 201, 205 (5th Cir. 1983)

cert. denied 464 U.S. 1039 (1994). Therefore, the district court is not to decide whether the plaintiffs will actually, or even probably prevail on the merits of their claims against resident Defendants, *Dodson v. Spiliada Marine Corp.*, 951 F. 2d 40.42 (5th Cir. 1992), but only to look to whether there is a reasonable basis to conclude that the plaintiffs may recover against this in-state defendant. *Irby* , 366 F.3d 624, 648 (5th Cir. 2003). A claim of improper joinder must be "pleaded with particularity and supported by clear and convincing evidence, and proven with certainty." MOORE'S FEDERAL PRACTICE § 107.149[2][c][iv] (3rd 2003); *Parks v. New York Times Company*, 308 F.2d 474, 478 (5th Cir. 1962), cert denied, 376 U.S. 949, 84 S. Ct. 964, 11 L. Ed. 2d 969 (1964); WRIGHT, MILLER & COOPER, Federal Practice and Procedure, 3732. Therefore, there can be no improper joinder, unless there clearly can be no recovery under the state law on the alleged cause of action or on the facts as they exist when the Motion to Remand is heard. MOORE'S § 107.14[2][c][iv] (3rd 2003).

13. All facts set forth in the Complaint are assumed true, and all uncertainties as to state substantive law are resolved against the defendants. *Id.; Gober*, 855 F. Supp. at 160 (The burden to affirmatively establish by competent proof federal [diversity] jurisdiction...lies with the removing party.) Defendant HAAG Engineering has a history of conducting biased outcome oriented investigations and producing cookie-cutter reports. The defense has not proven that ACI has no cause of action against the non-diverse Defendant HAAG Engineering; therefore, if ACI can prove its facts to be the truth, then a cause of action would lie against Defendant HAAG Engineering, the non-diverse party.

CONCLUSION AND PRAYER

14.	For these reasons, ACI respectfully requests that the Court grant its motion to remand, remand the case to the 96th District Court of Tarrant County, Texas and grant it such other relief to which it is justly entitled.

Respectfully submitted,

THE MOORE LAW GROUP

By: /s/ *Nyanza L. Moore*
NYANZA L. MOORE, TBN: 24012038
THE MOORE LAW GROUP
2616 South Loop West, Suite 430
Houston, Texas 77054
Tel.  713.665.8000
Fax. 713.583.0876
nmoore@moorelawgroups.com
ATTORNEY FOR PLAINTIFF
ARLINGTON SCHOOL OF COURT
REPORTING D/B/A ARLINGTON CAREER
INSTITUTE
.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that that on this 23rd day of October 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the below listed counsel of record:

Counsel for Defendant The Hartford Insurance Company
Laura J. Grabouski, Esq.
Brittan L. Buchanan, Esq.
Buchanan DiMasi Dancy & Grabouski LLP
9600 Great Hills Trail
Suite 300W
Austin, TX 78759
Telephone: 512.225.2800
Facsimile:  512.225.2801
lgrabouski@bddglaw.com
bbuchanan@bddglaw.com

8

<u>Counsel for Defendant HAAG Engineering</u>
James L. Sowder, Esq.
Chris Gabriel, Esq.
Thompson, Coe, Cousins & Irons, L.L.P.
700 N. Pearl Street
Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone: 214.871.8267
Facsimile:   214.871.8209
jsowder@thompsoncoe.com
cgabriel@thompsoncoe.com

                                                /s/ *Nyanza L. Moore*_____
                                                NYANZA L. MOORE